

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

LTG/JJD

*610 Federal Plaza*
*Central Islip, New York 11722*

January 13, 2016

**TO BE FILED UNDER SEAL**

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
920 Federal Plaza
Central Islip, New York   11722

The Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
940 Federal Plaza
Central Islip, New York   11722

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 13 2016   ★

**LONG ISLAND OFFICE**

      Re:   United States v. James Hickey
             Criminal Docket No. 16-CR-17

Dear Judge Azrack and Judge Wexler:

      Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case ("Hickey") is presumptively related to United States v. James Burke, 15-CR-627 (LDW) ("Burke").

      Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case."   Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

      This letter constitutes the notice directed by Local Rule 50.3.2(c)(1).   This case is presumptively related to Burke because the facts of Hickey arise out of the same criminal events as charged in Burke.   Specifically, an information will be filed in connection with Hickey that charges the same conspiracy to obstruct justice as charged in Count Two of the indictment in Burke.   As the case is thus presumptively related, the government respectfully submits that reassignment would be appropriate, as it would likely result in a significant savings of judicial resources and serve the interests of justice.

      The government further respectfully requests that this letter be filed under seal. Disclosure that the defendant is charged by information in this case would likely reveal his cooperation with the government. Disclosure of the defendant's cooperation would jeopardize the government's compelling interest in its ongoing investigation, see United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995)(need to protect integrity of ongoing investigation can justify sealing), and the compelling interest of the government and the defendant in his safety and that of his family, see United States v. Doe, 63 F.3d 121, 127-28 (2d Cir. 1995)(danger to person can justify courtroom closure).

                                                              Respectfully submitted,

                                                              ROBERT L. CAPERS
                                                              United States Attorney

By: _____
              Lara Treinis Gatz
              John J. Durham
              Assistant U.S. Attorneys
              (631) 715-7913/7851

cc:    Edward Sapone, Esq. (via electronic mail)

*[Handwritten]:* Application granted. This case should be reassigned to Hon. Leonard D. Wexler. So Ordered.

s/ Joan M. Azrack   1/15/16
_____
Joan M. Azrack, USDJ